

# STATE OF MICHIGAN

# SUPREME COURT

ATTORNEY GENERAL,
        Plaintiff-Appellee,

v

        SC: 154862, 154886
        COA: 335947

BOARD OF STATE CANVASSERS and
DIRECTOR OF ELECTIONS,
        Defendants-Appellees,
and

JILL STEIN,
        Intervening Defendant-Appellant.

_____

DONALD J. TRUMP,
        Plaintiff-Appellee,

v

        SC: 154868, 154887
        COA: 335958

BOARD OF STATE CANVASSERS and
DIRECTOR OF ELECTIONS,
        Defendants-Appellees,
and

JILL STEIN,
        Intervening Defendant-Appellant.

_____/

**Statement of Justice Larsen Granting Intervening Defendant-Appellant's Motion to Disqualify**

**December 8, 2016**

LARSEN, J. I grant the motions to disqualify myself from participation in *Attorney General v Bd of State Canvassers* (Docket Nos. 154862 and 154886) and *Trump v Bd of State Canvassers* (Docket Nos. 154868 and 154887). I do not do so lightly. Justices of this Court are obligated "to remain on any case absent good grounds for recusal." *Adair v Michigan*, 474 Mich 1027, 1040-1041 (2006) (statement by TAYLOR, C.J., and MARKMAN, J.). The citizens of Michigan elect the Justices to resolve the complex disputes that reach the Supreme Court, and we must not shrink from that duty. In the lower courts, a recused judge is replaced by a substitute. In our Court, a recusal leaves the Court shorthanded and, therefore, "deprives the public and litigants of the full collegial body that they have selected as the state's court of last resort." *Id*. at 1040. Nonetheless, I conclude that the unique circumstances of this case demand my recusal.

Before the November 8, 2016 election, now President-elect Donald J. Trump, or his campaign, included me on a list of 21 possible nominees to fill the vacancy on the United States Supreme Court created by the untimely passing of Justice Antonin Scalia. I did not seek inclusion on the list, had no notice of my inclusion before its publication, and have had no contact with the president-elect, or his campaign, regarding the vacancy. Yet the president-elect and his surrogates have repeatedly affirmed his intention to select someone from the list to fill the vacancy.

My appearance on the president-elect's list and his presence as a party in these cases creates a conflict requiring my disqualification. Accordingly, I grant the motions for disqualification.